[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14036
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-20047-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CASSEUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2010)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Richard Casseus appeals the sentence that the district court imposed upon

revocation of his supervised release, 18 U.S.C. § 3583(e)(3).  Casseus argues that his sentence of nine months of imprisonment to be followed by two years of supervised release is unreasonable.  We affirm.

In September 2004, Casseus pleaded guilty to conspiring to defraud the United States.  18 U.S.C. §§ 286, 287.  The district court sentenced Casseus to 15 months of imprisonment to be followed by two years of supervised release.  The district court also required Casseus to pay to the United States restitution of $124,037 and a special assessment of $100.  Casseus began serving his term of supervised release on March 14, 2006.

Casseus failed to comply with the conditions of his first term of supervised release.  In July 2007, Miami-Dade police arrested Casseus for driving with a suspended license.  As a result, the district court modified the terms of Casseus's release to include 90 days in a residential reentry center.  The police again arrested Casseus for driving with a suspended license in September 2007, but the district court took no action.  In January 2008, the district court summoned Casseus to appear for violations of his supervised release that were unrelated to his driver's license: Casseus was in arrears on his restitution payments and he had failed to submit monthly written reports to his probation officer in August and September 2007.  The district court revoked Casseus's term of supervised release and

sentenced Casseus to three months of imprisonment to be followed by a new three-year term of supervised release. The district court continued the original terms of Casseus's supervised release, including the requirement that he pay $119,036.80 in restitution at the rate of 10 percent of his monthly gross earnings.

Casseus began serving his second term of supervised release on June 16, 2008, but again failed to comply with the conditions of his release. In April 2009, the district court summoned Casseus to appear because police had arrested Casseus for again driving with a suspended license in violation of the Florida habitual traffic offender statute, and Casseus had failed to notify his probation officer of his arrest. In July 2009, the district court held a revocation hearing.

At the hearing, Casseus admitted to the charged violations and the district court invited the parties to address the matter of sentencing. The United States stated that the advisory guidelines range for the offense to which Casseus had admitted was three to nine months (it was actually four to ten months) and asked for a sentence at the high end of the range. The United States explained that "this is not the first time Mr. Casseus has appeared before you on a violation of his supervised release." It asked for a sentence at the high end of the guidelines range because "[i]t appears that Mr. Casseus has not learned from this Court's previous attempted correction of action." The district court agreed that "[i]t sounds like

3

[Casseus] doesn't think the rules apply to him." The United States urged the district court "to send a very clear message to Mr. Casseus that he cannot continue to do what he's doing and especially putting the public at risk."

Casseus's attorney recommended that the district court "sentence [Casseus] to no more than six months in jail," but stated that his primary concern was ensuring that the "Court will not restore [Casseus] in any means to supervised release at the end of his term of imprisonment." The district court answered that some term of supervised release seemed appropriate because Casseus "has really not done an awfully very good job at restitution" and "there is a responsibility for restitution, and the only way that we can get any headway is by keeping some sort of . . . control over [Casseus]." Casseus's attorney argued that the cost to taxpayers of any term of supervised release likely exceeded any recovery that the United States would be able to secure from Casseus, but the district court again explained that "I appreciate what you're saying and I think you're right but I'm just not going to [terminate Casseus's supervised release] as long as he has a restitution obligation."

The district court concluded that "a sentence within the guideline range is appropriate." The district court imposed a sentence of nine months of imprisonment to be followed by two years of supervised release. The district court

4

asked for objections and Casseus's attorney stated only that "the defendant objects to the reasonableness of the sentence."

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). "We review the reasonableness of a sentence through a two-step process using a deferential abuse-of-discretion standard." United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). "First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines range as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors." Id. "Because we review the 'totality of the circumstances,' a district court need not discuss each section 3553(a) factor . . . ." United States v. Pugh, 515 F.3d 1179, 1191 n.8 (11th Cir. 2008). "Second, we examine whether the sentence is substantively reasonable." Sarras, 575 F.3d at 1219. "[W]e will only reverse a procedurally reasonable sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors . . . ." United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (quotation marks omitted). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable. . . . [T]he party who challenges the sentence bears the burden of establishing that the

5

sentence is unreasonable . . . ." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Casseus argues that his sentence is unreasonable for two reasons. He argues that it is procedurally unreasonable for the reason that the district court "never specifically indicated that it had considered the factors set forth in 18 U.S.C. § 3553(a)." He argues that his sentence is substantively unreasonable because the "district court based a substantial part of its sentencing on conduct regarding restitution that Mr. Casseus had previously been violated for and for which there was no allegation of wrongdoing." Casseus argues that "it is apparent from the district court's comments that previous restitution issues were the sole reason that the court imposed . . . supervised release." The United States describes Casseus's second argument as an argument about the procedural reasonableness of his sentence. No matter how we describe Casseus's second argument, both arguments fail.

When we consider the "totality of the circumstances," Pugh, 515 F.3d at 1191 n.8 (quotation marks omitted), it is clear that the district court adequately considered the factors of section 3553(a). The district court considered Casseus's history and characteristics and the need to deter future violations of the law and concluded that "[i]t sounds like he doesn't think the rules apply to him." See 18

6

U.S.C. § 3553(a)(1), (2)(B), (2)(C).  The district court considered the guidelines range and "determined that a sentence within the guidelines range is appropriate." See id. §§ 3553(a)(4), 3583(e).  The district court also concluded that a term of supervised release was necessary to ensure that Casseus provided restitution.  See id. §§ 3553(a)(1), (a)(7), 3583(e).  The district court "set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation marks omitted).

Casseus's sentence is **AFFIRMED**.